# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Americredit Financial Service, Inc., d/b/a G.M. Financial, ) ) ) Plaintiff, ) ) v. ) ) Ruby Elaine Pinnex, ) ) Defendant. ) ) | Civil Action No.: 5:19-cv-00213-JMC  **ORDER AND OPINION** |

Plaintiff Americredit Financial Service, Inc., doing business as G.M. Financial ("AFSI"), filed this action against Defendant Ruby Elaine Pinnex alleging breach of contract based on Pinnex's failure to make timely payments due on a 2015 Buick Enclave. (ECF No. 13 at 1 ¶ 1–2 ¶ 2.)

This matter is before the court to address issues regarding Pinnex's removal of the matter from the Wake County, North Carolina General Court of Justice, Superior Court Division. (ECF Nos. 1 at 1, 6 at 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On February 6, 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court "remand this matter to the General Court of Justice, Superior Court Division, Wake County, North Carolina." (ECF No. 9 at 4.) Pinnex filed objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 16.) Additionally, there are pending before the court AFSI's Motion to Dismiss (ECF No. 13), Pinnex's Motion to Strike (ECF No. 25), and her Motion for Recusal (ECF No. 32). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **REMANDS** the matter including the pending Motions to the Wake County, North Carolina General Court of Justice,

1

Superior Court Division.

## I.     RELEVANT BACKGROUND

On December 7, 2018, AFSI allegedly filed an action against Pinnex in the Wake County, North Carolina General Court of Justice "alleging breach of contract related to Pinnex's purchase of a motor vehicle in Orangeburg, South Carolina on or about August 7, 2015." (ECF No. 13 at 1 ¶ 1 (referencing *Americredit Fin. Servs., Inc. v. Pinnex*, 18cvs14922 (Gen. Ct. J.)). "The contract at issue required Pinnex to pay AmeriCredit, as the contract assignee, the sum of forty-seven thousand five hundred eighty-nine dollars ($47,589.00) for the purchase of a 2015 Buick Enclave, the purchase price being broken into seventy-five (75) monthly payments of seven hundred seventy-five dollars and sixty-six cents ($775.66)." (*Id.* at 2 ¶ 2.) On January 23, 2019, the North Carolina state court held a hearing on AFSI's pending Motion for Claim and Delivery. (*See* ECF Nos. 6 at 1–8, 13 at 2 ¶ 5.) Immediately thereafter, Pinnex filed a Notice of Removal to remove the matter to this court on January 24, 2019. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge issued her Report and Recommendation on February 6, 2019, recommending that the "matter be remanded for lack of subject matter jurisdiction." (ECF No. 9 at 1.) In support of her recommendation, the Magistrate Judge observed that under 28 U.S.C. § 1441(a) Pinnex's "attempt to remove a pending North Carolina state court proceeding to the United States District Court for the District of South Carolina is improper." (ECF No. 9 at 3 (citing *Butler v. N.C. Dep't of Transp.*, 154 F. Supp. 3d 252, 253 (M.D.N.C. 2016) (finding defendant's failure to remove state court action to correct district court required remand to state court); *Addison v. N.C. Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994) (finding when a party removes a case to the improper district court, the district court's appropriate response should be to remand the case

back to state court); *Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 62 (D. Mass. 1991) (holding a defendant could not remove a state court action to a federal court sitting in a district and division other than where the state court action was pending)).)

On February 11, 2019, Pinnex filed objections to the Report and Recommendation, specifically asserting that the Magistrate Judge erred in the following ways:

1. Identifying AFSI as Plaintiff when she filed the matter in this court;
2. Erroneously stating that she filed this matter pro se; and
3. Recommending remand when she is domiciled in South Carolina and AFSI is operating pursuant to interstate commerce.

(ECF No. 16 at 1 ¶ 1–4 ¶ 6.) On February 25, 2019, AFSI filed a Reply Brief in Support of the Magistrate Judge's Report and Recommendation. (ECF No. 20.)

Additionally, while the Magistrate Judge's Report was pending, AFSI filed a Motion to Dismiss (ECF No. 13) on February 7, 2019, and Pinnex filed a Motion to Strike (ECF No. 25) on March 11, 2019, and a Motion for Recusal (ECF No. 32) on May 30, 2019.

The court considers the merits of Pinnex's objections to the Report and Recommendation below.

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.

1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

IV. ANALYSIS

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This matter was originally filed in the Wake County, North Carolina General Court of Justice. Wake County is in the Eastern District of North Carolina. *See U.S. Marshals Service*, https://www.usmarshals.gov/district/nc-e/general/area.htm (last visited Sept. 22, 2019). Therefore, the Eastern District of North Carolina is the only appropriate district for removal of this action from the Wake County, North Carolina General Court of Justice. *Hoover*, 774 F. Supp. at 63 ("There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state court action is pending."). However, case law is not settled as to whether removal of a state court action to the wrong district court creates a procedural or jurisdictional defect. *Compare Orden v. Cornell Univ.*, 243 F. Supp. 3d 287, 292 (N.D.N.Y. 2017) ("[R]emoval to a district other than the district in which the state court action was brought 'is a procedural defect, like improper venue, which is waived by the failure to object to it timely.'" (quoting *Port Auth. of N.Y. v. Am. Warehousing of N.Y., Inc.*, No. 04 Civ. 6092GEL, 2004 WL 2584886, at *1 (S.D.N.Y. Nov. 10, 2004)), *with Addison*, 851 F. Supp. at 217 ("A case removed to the wrong division or district should be remanded to the state court.").

Upon its review, the court observes that even though AFSI did not file an express objection

4

to the removal of the action from the North Carolina state court, it did make an assertion that demonstrates why remand of this matter is appropriate, *i.e.*, "there is no basis for federal court jurisdiction because the only cause of action pending is AmeriCredit's state law breach of contract claim, and the amount in controversy does not exceed the $75,000.00 diversity limit." (ECF No. 20 at 3.) Because "[j]urisdiction is established based on the allegations of the plaintiff's complaint filed in state court," the court finds that the aforementioned claim does not provide subject matter jurisdiction.[1] *Morgan v. Suite 12, Inc.*, 188 F. Supp. 3d 559, 563 (D.S.C. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Accordingly, Pinnex's removal of the instant action to this court was erroneous as she is unable to meet her burden of demonstrating that the exercise of jurisdiction is proper.[2]

As a result of the foregoing, the court cannot agree with Pinnex that the Magistrate Judge committed error with her recommendation. Accordingly, the court overrules Pinnex's objections and finds that remand of this matter is appropriate.

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **REMANDS** this matter including the pending Motion to Dismiss (ECF No. 13), Motion to Strike (ECF No. 25), and Motion for Recusal (ECF No. 32) to the Wake County, North Carolina General Court of Justice, Superior Court Division for further proceedings. The Clerk of Court is directed to mail a certified

---

[1] This court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). The removing party has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d at 148, 151 (4th Cir. 1994).

[2] The court declines to award AFSI attorney's fees as requested in its Reply Brief in Support of the Magistrate Judge's Report and Recommendation. (*See* ECF No. 20 at 2–3.)

5

copy of this Order of remand and copies of the aforementioned Motions to the Clerk of Court of the Wake County, North Carolina General Court of Justice, Superior Court Division.

The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 23, 2019
Columbia, South Carolina